UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

REC'D MAY 10

| | |
|---|---|
| Marcus J. Peele,<br><br>                                   Plaintiff,<br><br>-against-<br><br>United Parcel Service Inc. (UPS), and<br>Local 623 Union International Brotherhood of Teamsters (IBT),<br>                                 Defendants. | **Complaint**<br>for a Civil Case<br><br>Jury Trial:   Yes |

1

# TABLE OF CONTENTS

PARTIES TO COMPLAINT ................................................................................................. 3

BASIS FOR JURISDICTION............................................................................................... 4

INJURIES............................................................................................................................... 4

STATEMENT OF CLAIM.................................................................................................... 4

RELIEF................................................................................................................................... 8

EXHAUSTION OF FEDRAL ADMINISTRATIVE REMEDIES.................................... 8

CERTIFICATE AND CLOSING......................................................................................... 8

EXHIBIT TAB..................................................................................................................... 10
    A. National Master United Parcel Service Agreement (NMA) Article 7 and Article 8
    B. Local Union No. 623 & UPS Supplemental Agreement to the National Master UPS Service Agreement (CBA) Article 51
    C. Notice of Discharge dated January 21, 2021
    D. Notice of Discharge dated November 17, 2021
    E. Labor Management Relations Act: Section 301(a)
    F. Title 29 (U.S.C. §185)

## I. The Parties to This Complaint:

### A. The Plaintiff(s)

| | |
|---|---|
| Name | Marcus J. Peele |
| Street Address | 2224 Woodstock Street |
| City and County | Philadelphia          Delaware County |
| State and Zip Code | Pennsylvania, 19132 |
| Telephone Number | 267-885-9656 |
| E-mail Address | marcyp39@gmail.com |

### B. The Defendant(s)

#### Defendant No. 1

| | |
|---|---|
| Name | United Parcel Service Inc. (UPS) |
| Job or Title | Corporation Service Company |
| Street Address | 2595 Interstate Drive, Suite 103 |
| City and County | Harrisburg          Dolphin County |
| State and Zip Code | Pennsylvania, 17110 |
| Telephone Number | 888-690-2882 |
| E-mail Address | Unknown |

#### Defendant No. 2

| | |
|---|---|
| Name | Local 623 Union (IBT) |
| Job or Title | Labor Union |
| Street Address | 4369 Richmond Avenue |
| City and County | Philadelphia          Delaware County |
| State and Zip Code | Pennsylvania, 19137 |
| Telephone Number | 215-289-0580 |
| E-mail Address | c.bagby@teamsterslocal623.org |

## II. Basis for Jurisdiction:

Federal Question

A. This action is brought for unlawful discharge and unfair labor practices in employment pursuant to:

1. Article 7 and Article 8 of the National Master United Parcel Service Agreement (NMA)
2. Article 51, of the Local Union No. 623 & UPS Supplemental Agreement to the National Master UPS Agreement (Collective Bargaining Agreement) (CBA),
3. Labor Management Relations Act (LMRA) §301, and
4. Title 29 U.S.C. §185

## III. Injuries:

1. Is more than $25,000.00 in loss wages, (*not counting interest*), compensatory and exemplary damages, and court costs at approximately $467.00, because on or about January 21, 2021, and again on or about November 10, 2021, Plaintiff was wrongfully discharge by Defendant UPS (herein UPS or Company) in violation of Article 7, of the NMA and Article 51, of the CBA. Defendant Local 623 union (herein Local 623 or union) failed to represent Plaintiff by failing to process Plaintiff's grievance in accordance with Article 8, of the NMA, Article 51, of the supp to the NMA (CBA), and by failing to invoke Article 7, of the NMA and Article 51, of the CBA against Defendant UPS. As a result, Plaintiff sustained partial loss of his salary, and allowances from January 15, 2021, thru April 20, 2021. Plaintiff lost additional salary and place of employment from November 9, 2021, thru December 10, 2021, and ongoing.

## IV. Statement of Claim:

1. On or about August 31, 2017, Plaintiff was hired by Defendant UPS as a full-time package car driver and assigned to the Oregon Avenue Facility located at 15 Oregon Avenue, Philadelphia, PA 19132, and Plaintiff was a union member of Local 623 union located at 4369 Richmond Avenue, Philadelphia, PA 19137. On or about January 15, 2021, Plaintiff was informed by UPS's division manager, Joe Gill that Plaintiff had been discharged **without-pay** for dishonesty particularly not reporting hitting a parked vehicle. Plaintiff was then forced to remain suspended **without-pay** from January 15, 2021, thru April 20, 2021, in violation of

Article 7 of the NMA and in violation Article 51, of the CBA. Plaintiff was not allowed to remain on the job **with-pay** pursuant to Article 7 of the NMA. See Exhibit: (C).

2. On or about January 15, 2021, Plaintiff informed Defendant Local 623 union's Shop Steward Eddie Brooks and Local 623's Business Agent Tommy Callan that UPS had discharged Plaintiff without pay in violation of Article 7 of the NMA. On or about April 15, 2021, UPS and Local 623 union held a panel meeting which resulted in Plaintiff being found not guilty of violating any UPS policy and thus Plaintiff was reinstated to his place of employment however, Plaintiff did **not** receive any back pay for lost wages after UPS violated Article 7, of the NMA. The last bit of information that Plaintiff received from local 623 was that the committee would have to **vote** on Plaintiff's back pay issue.

3. On or about November 9, 2021, Plaintiff reported his work site located at the Oregon Avenue Facility and upon arrival Plaintiff was informed by UPS management that his assigned route had been assigned to another driver. Plaintiff waited around and when no UPS supervisor assigned Plaintiff to an alternative job assignment Plaintiff departed the center and filed grievance Number: 19829 with Local 623 union because UPS had violated Article 50 of the CBA by assigning Plaintiff's **bided** route to another driver resulting in Plaintiff losing a day's pay.

4. On or about November 10, 2021, Plaintiff reported to his work site and was informed that he had be discharged. On or about November 17, 2021, Plaintiff was issued a notice of discharge from UPS's division manager, Joe Gill, falsely alleging that Plaintiff had "*voluntary quit*" his employment with UPS. Plaintiff informed Local 623. See Exhibit: (D).

5. Pursuant to Article 51, of the CBA which states that "*The Employer shall **not discharge nor suspend** any employee without just cause until the case has been discussed with the Business Agent in person, where practical, except where the provisions of this Article provide for discharge, but in respect to suspension or discharge shall give at least **one warning notice** of the **complaint against such employee** to the employee, in writing, and a copy of the same to the Union and Job Steward affected*". See Exhibit: (B). Plaintiff was never given a written warning notice, nor had Plaintiff quit or abandoned his job.

6. On or about December 9, 2021, Plaintiff was informed that his grievance had been denied at Panel and that his discharge had been upheld.

7. Article 7, of the NMA states that *"except in cases involving cardinal infractions under the applicable Supplement, Rider or Addendum, an employee to be discharged or suspended shall be allowed to remain on the job, without loss of pay unless and until the discharge or suspension is sustained under the grievance procedure"*, see exhibit: (A). Article 51, states that *"the following shall be causes for discharge or suspension of an employee: calling an unauthorized strike or walkout, Drunkenness, drinking during working hours, (including lunchtime), Being under the influence of liquor or drugs during working hours, Illegal possession of drugs, Proven theft or dishonesty, A rollaway accident that is a serious accident as defined in Article 18 Section 3, Any unreported accident, Unprovoked physical assault on a shipper, consignee or Employer or the representative of any of them during working hours, or Carrying unauthorized passengers in Employer's vehicle."*. Article 51, of the CBA also states that *"The Employer shall **not** discharge nor suspend any employee without just cause.* See Exhibit: (B).

8. Plaintiff was **not** discharged for calling an unauthorized strike or walkout, Drunkenness, drinking during working hours, (including lunchtime), Being under the influence of liquor or drugs during working hours, Illegal possession of drugs, Proven theft or dishonesty, A rollaway accident that is a serious accident as defined in Article 18 Section 3, Unprovoked physical assault on a shipper, consignee or Employer or the representative of any of them during working hours, or Carrying unauthorized passengers in Employer's vehicle, **nor had** UPS **proven** that Plaintiff committed any cardinal violation, unreported accident, any violation of the UPS's *"340 Methods and Procedures Manual"*, no alleged or cited violation of UPS's *"Policy Manual"*, no alleged or cited violation of UPS's *"Code of Business Conduct Manual"* and no alleged or cited violation of UPS *"Policy Notices"*, and therefore, in accordance to Article 7 of the NMA, *"Plaintiff, shall be allowed to remain on the job, without loss of pay unless and until Plaintiff's discharge or suspension is sustained under the grievance procedure.*

9. UPS wrongfully discharged Plaintiff <u>without just cause</u> in violation of Article 7, of the NMA and in violation of Article 51, of the CBA. Local 623 union refused to represent Plaintiff

6

pursuant to Article 8, of the CBA by failing to invoke Article 7, of the NMA and Article 51, of the CBA against UPS for violating Plaintiff's right to remain on the job with-pay until Plaintiff's arbitration is sustained under the grievance procedure.

10. Plaintiff's Union representatives initially agreed that on or about November 9, 2021 the employer violated Article 50, Section 2, of the CBA however, Plaintiff's union never addressed Plaintiff's grievance number: 19829.

11. Plaintiff's Union representative initially agreed that on or about November 10, 2021 the Employer violated Article 51 of the CBA however, Plaintiff's Union did not process Plaintiff's grievance number: 20932, pursuant to Article 7 and 8 of the NMA and Article 51 of the CBA. Instead, the Union agreed with the Employer to deny Plaintiff's grievance and because the Union agreed with the Employer to deny Plaintiff's grievance the arbitrator could not take part in the decision.

12. Section 8(b)(1)(A) of the National Labor Relations Act (NLRA) makes it unlawful for a labor organization or its agents "*to restrain or coerce employees in the exercise of the rights guaranteed them in Section 7 of the Act, provided that this paragraph shall not impair the right of a labor organization to prescribe its own rules with respect to the acquisition or retention of membership therein.*" For example, a <u>union may not breach their duty to fairly represent employees</u>. Although a union's conduct is entitled to a wide range of reasonableness, a union may not act <u>arbitrarily</u>, <u>discriminatorily</u>, or in bad faith. "Bad faith" means fraud, deceit, or dishonesty. Local 623 union had exclusive jurisdiction and responsibility to represent union members. Article 7 of the NMA states that: "*The procedures set forth in the local, state and area <u>grievance procedure may be invoked only by the authorized Union representative</u> or Employer*". UPS's and Local 623 union's conduct towards Plaintiff violated the Labor Management Relations Act: Section 301, Title (29 U.S.C. §185), see Exhibits: (A), (B), (E), & (F). To prevail, the plaintiff must prove each of the following by a <u>preponderance</u> of the evidence:

   1. That the Plaintiff was discharged from employment by the employer.
   2. That such discharge was without "*just cause*;" and
   3. That the Union breached its duty to fairly represent the Plaintiff's interests under the NMA and CBA.

7

### V. Relief:

13. That Plaintiff be reimbursed for all loss wages, legal fees, compensatory and exemplary damages, any other cost that the Court see fit, and that Plaintiff be made whole again.

### VI. Exhaustion of Federal Administrative Remedies:

14. On August 17, 2021, Plaintiff filed a charge with the National Labor Relations Board (NLRB) against Defendant UPS for violating Plaintiff's right to remain on the job with pay in violation of Article 7 of the NMA and in violation of Article 51, of the CBA, and against Local 623 Union (IBT) for refusing to process Plaintiff's grievance dated January 15, 2021, in accordance with Article 7 and 8, of the NMA. Case Number: 04-CB-281439.

15. On or about November 10, 2021, Plaintiff filed an appeal with the NLRB's office of appeals.

16. On or about January 10, 2022, Plaintiff filed a charge with the NLRB against Defendant UPS for wrongfully discharging Plaintiff. Case Number: 04-CA-288633.

17. On or about April 11, 2022, Plaintiff filed a charge with the NLRB against Defendant Local 623 for failing to process Plaintiff's grievance number: 19829, dated November 9, 2021 and grievance number: 20932 dated November 10, 2021 in accordance with Article 7 and 8 of the NMA and Article 51, of the CBA. Case Number: 04-CB-293918.

### VII. Certification and Closing:

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) true and correct (2) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (3) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (4) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (5) the complaint otherwise complies with the requirements of Rule 11.

**C.     For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing: 05/10/2022        Signature of Plaintiff _Marcus Peele_

Printed Name of Plaintiff                                          Marcus J. Peele, Pro Se.


## Exhibit Table of Contents

A. National Master United Parcel Service Agreement (NMA)

B. Local Union No. 623 & UPS Supplemental Agreement to the National Master UPS Agreement (CBA)

C. Notice of Discharge dated January 21, 2021

D. Notice of Discharge dated November 17, 2021

E. Labor Management Relations Act: Section 301(a)

F. Title 29 (U.S.C. §185)