IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCUS J. PEELE,<br>*Plaintiff* | :<br>: | CIVIL ACTION |
| v. | :<br>: | |
| UNITED PARCEL SERVICE, INC. *et al.*,<br>*Defendants* | :<br>: | No. 22-1835 |

## MEMORANDUM

PRATTER, J.                                                                           MARCH 16, 2023

Marcus J. Peele, proceeding *pro se*, filed a complaint against United Parcel Service, Inc. (UPS) and Local 623 Union International Brotherhood of Teamsters. Presently before the Court is UPS's unopposed motion to dismiss. Despite being given multiple opportunities by the Court to file a response, Mr. Peele failed to do so. For the reasons set forth below, the Court grants UPS's motion to dismiss Mr. Peele's complaint with prejudice.

### BACKGROUND

Mr. Peele was hired by UPS as a full-time package car driver. When he was hired, Mr. Peele became a member of a nationwide bargaining unit represented by the International Brotherhood of Teamsters Local 623 (the Union). The Union bargained the terms and conditions of Mr. Peele's employment with UPS and memorialized them in collective bargaining agreements. The collective bargaining agreements applicable to Mr. Peele are the National Master United Parcel Service Agreement and the Local Union No. 623 and United Parcel Service Supplemental Agreement to the National Master United Parcel Service Agreement.[1]

On January 15, 2021, Mr. Peele was discharged from UPS for failing to report that he hit a parked vehicle while on duty. Mr. Peele was on suspension without pay from January 15, 2021

---

[1]     The Court will refer to these agreements collectively as "the collective bargaining agreement."

1

through April 20, 2021. Mr. Peele underwent the grievance-arbitration process set forth in the collective bargaining agreement, was reinstated, and continued his employment with UPS.

On November 9, 2021, Mr. Peele learned that his delivery route had been assigned to another driver. Mr. Peele left the UPS center and filed a grievance with the Union regarding the route reassignment. On November 10, 2021, when he reported to work, Mr. Peele was informed that he had been discharged for walking off the job. On November 17, 2021, Mr. Peele was issued a formal notice of discharge, about which he notified the Union. On December 9, 2021, Mr. Peele was informed that his grievance had been denied and that his discharge had been upheld.

Mr. Peele brought this action against UPS and the Union on May 10, 2022. Mr. Peele claims that UPS breached the collective bargaining agreement by (1) prohibiting Mr. Peele from remaining on the job with pay while he grieved the January 2021 discharge, (2) taking away his route, and (3) discharging him without just cause in November 2021. Mr. Peele claims that the Union breached its duty of fair representation by failing to (1) invoke the collective bargaining agreement provision that would have allowed him to remain on the job with pay while he grieved the January 2021 discharge, (2) address his grievance regarding the seniority violations relating to his route, and (3) vote in his favor regarding the November 2021 discharge grievance.

UPS filed a motion to dismiss the complaint.[2] Despite numerous opportunities afforded to Mr. Peele by this Court, Mr. Peele failed to file a response to the motion to dismiss. UPS's motion will therefore be treated as unopposed.

## LEGAL STANDARD

*Pro se* pleadings such as Mr. Peele's are to be "liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint is held "to less stringent standards than formal pleadings

---

[2] The Union has yet to enter an appearance in this matter. The docket reflects that the Union was served with Mr. Peele's complaint on June 21, 2022. Summons Returned Executed, Doc. No. 7.

drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A claim raised by a *pro se* plaintiff should be dismissed only when it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 521. Still, the Third Circuit Court of Appeals has held that *pro se* litigants must "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Instead, "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"In evaluating a motion to dismiss, [the Court] may consider documents that are attached to or submitted with the complaint, and any 'matters incorporated by reference or integral to the claim . . . .'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (internal citation omitted). Here, Mr. Peele referenced the collective bargaining agreement in his complaint and attached excerpts of the collective bargaining agreement as exhibits to his complaint. Thus, the Court may consider the collective bargaining agreement when considering the motion to dismiss. Fed. R. Civ. P. 10(c); *Buck*, 452 F.3d at 260.

3

## DISCUSSION

### I. Mr. Peele's Claims Must Be Treated as Claims Under § 301 of the Labor Management Relations Act

Section 301 of the Labor Management Relations Act provides a federal cause of action for "[s]uits for violation of contracts between an employer and a labor organization representing employees." 29 U.S.C. § 185(a). "When resolution of a state-law claim is substantially dependent upon analysis of the terms of a collective-bargaining agreement, that claim must either be treated as a § 301 claim or dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (internal citation omitted). Mr. Peele's state-law breach of contract claims are "substantially dependent" upon an analysis of the terms in the collective bargaining agreement thus his claims must either be dismissed as preempted or treated as § 301 claims. *Id.*

First, Mr. Peele alleges that he was not able to remain on the job while he grieved the January 2021 discharge, which violated his rights under Article 7 of the collective bargaining agreement. Article 7 provides that "[e]xcept in cases involving cardinal infractions under the applicable Supplement, . . . an employee to be discharged or suspended shall be allowed to remain on the job, without loss of pay unless and until the discharge or suspension is sustained under the grievance procedure." Compl. at IV ¶ 7; Mot. to Dismiss, Ex. 1 at 20–21. To determine whether UPS violated Article 7, as Mr. Peele alleges, the Court must determine whether Mr. Peele committed a "cardinal infraction." Compl. at IV ¶ 7. To determine what constitutes a cardinal infraction, the Court must look to the language in the collective bargaining agreement. So, Mr. Peele's breach of contract claim is "substantially dependent upon analysis of the terms" in the collective bargaining agreement. *Allis-Chalmers*, 471 U.S. at 220.

4

Second, Mr. Peele alleges that UPS breached Article 50 of the collective bargaining agreement by assigning his route to another driver. Article 50 sets forth seniority rules which govern the bidding process for routes. Mot. to Dismiss, Ex. 2 at 199–209. To determine whether it was a violation of Article 50 for UPS to assign the route bid to Mr. Peele to another driver, the Court must substantially depend on an analysis of the language in the collective bargaining agreement. *See Allis-Chalmers*, 471 U.S. at 220.

Finally, Mr. Peele alleges that he was discharged without just cause in violation of Article 7 and Article 51 of the collective bargaining agreement. As set forth above, to determine whether Article 7 was violated requires the Court to analyze the term "cardinal infraction" based on the language in the collective bargaining agreement. Article 51 provides that "[t]he Employer shall not discharge nor suspend any employee without just cause." Compl. at IV ¶ 7. To determine whether Article 51 has been violated, the Court must analyze the terms in the collective bargaining agreement to assess whether UPS had just cause. Discharge for a "cardinal infraction" and the requirement for "just cause" are, according to UPS, "bargained-for exceptions to the usual at-will employment doctrine" and require an analysis of the collective bargaining agreement to determine whether Mr. Peele's claims are meritorious. Mot. to Dismiss, at 5.

Mr. Peele's claims are therefore all "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract" because they arise out of UPS's alleged violations of the collective bargaining agreement. *Allis-Chalmers*, 471 U.S. at 220. Thus, Mr. Peele's claims must be "treated as a § 301 claim or dismissed as pre-empted by federal labor-contract law." *Id.* Here, the Court will construe Mr. Peele's state law claims as § 301 claims.

5

### A. <u>Mr. Peele's Hybrid § 301 Claims Must Be Dismissed</u>

Claims under § 301 are either pure or hybrid. *Carpenter v. Wawa*, No. 09-cv-2768, 2009 WL 4756258, at *3 (E.D. Pa. Dec. 3, 2009). "Pure claims are brought by a union against an employer. Hybrid claims are brought by an employee alleging that the employer breached the collective bargaining agreement *and* that the employee's union violated its duty to fairly represent the employee." *Id.* (citing *Serv. Emp. Int'l Union Loc. 36 v. City Cleaning Co.*, 982 F.2d 89, 94 n.2 (3d Cir. 1992)) (internal citation omitted). Hybrid claims allow the employee to "bring suit against both the employer and the union, notwithstanding the outcome or finality of the grievance or arbitration proceeding" "when the union representing the employee in the grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983).

Here, Mr. Peele's suit is properly classified as a hybrid claim because he asserts claims against UPS, his employer, for violating the collective bargaining agreement and against the Union for breaching its duty of fair representation to him.

#### 1. Mr. Peele's Hybrid § 301 Claims Regarding the January 2021 Discharge Are Untimely

Mr. Peele's § 301 claims relating to his January 2021 discharge must be dismissed as untimely because hybrid § 301 claims are subject to the six-month statute of limitations set forth in the National Labor Relations Act (NLRA).[3] *DelCostello*, 462 U.S. at 155, 169 (concluding that the six-month statute of limitations under § 10(b) of the NLRA is applicable to suits against both the employer and the union). The statute of limitations for these claims began to run in April 2021, at the latest, when Mr. Peele was notified of the outcome of his January 2021 grievance and was made aware that the Union would no longer be pursuing the grievance. *See Albright v. Virtue*, 273

---

[3] UPS does not dispute the timeliness of the claims relating to Mr. Peele's November 2021 discharge.

F.3d 564, 572–73 (3d Cir. 2001) (providing that the statute of limitations begins to run when the plaintiff receives notice that the union will not be proceeding with the grievance and noting that explicit notice is not required). Thus, the statute of limitations for these claims expired by October 2021. Mr. Peele did not file his complaint until May 10, 2022, meaning the claims relating to the January 2021 discharge are barred by the statute of limitations and must be dismissed. [4]

### 2. Mr. Peele Fails to Plausibly Allege Facts Demonstrating That the Union Acted Arbitrarily, Discriminatorily, or in Bad Faith Relating to the November 2021 Discharge

Mr. Peele's § 301 claims relating to his November 2021 discharge must be dismissed because Mr. Peele has failed to allege any facts in support of these claims. To prevail on a hybrid § 301 claim, employees "must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union." *DelCostello*, 462 U.S. at 165. "A union has a duty to fairly represent all of its members, both in collective bargaining with an employer and in its enforcement of the resulting collective bargaining agreement." *Mallard v. Laborers Int'l Union of N.A. Loc. Union 57*, 611 F. App'x 756, 757 (3d Cir. 2015) (citing *Vaca v. Sipes*, 386 U.S. 171, 177 (1967)). A union breaches this duty only when its conduct is "arbitrary, discriminatory, or in bad faith." *Vaca*, 386 U.S. at 190. Negligence or the exercise of poor judgment by the union is not enough, *Mallard*, 611 F. App'x at 757, because an employee is "subject to the union's discretionary power to settle or even to abandon a grievance, as long as it does not act arbitrarily." *Bazarte v. United Transp. Union*, 429 F.2d 868, 872 (3d Cir. 1970).

Mr. Peele alleges that the Union refused to represent him by failing to invoke Article 7 and Article 51 against UPS for violating Mr. Peele's right to remain on the job with pay. Mr. Peele

---

[4] UPS argues that even if Mr. Peele's claims relating to the January 2021 discharge were timely, they would still be dismissed because Mr. Peele failed to allege facts plausibly suggesting that the Union's actions were arbitrary, discriminatory, or in bad faith. Because the Court concludes that these claims are time-barred, it will not address Mr. Peele's pleading failures relating to these claims.

7


further alleges that the Union agreed that UPS violated Article 50 and Article 51 of the collective bargaining agreement but did not address Mr. Peele's grievance relating to these alleged violations. Instead, Mr. Peele alleges that the Union ultimately agreed with UPS's decision to deny his grievance. Thus, Mr. Peele argues that the Union breached its duty to fairly represent his interests under the collective bargaining agreement. These allegations, without more, are insufficient to establish that the Union breached its duty of fair representation to Mr. Peele. *See Mallard*, 611 F. App'x at 757 ("[T]he mere failure to arbitrate a grievance is insufficient to support a finding of a breach of fair representation absent evidence of arbitrary or bad-faith conduct.").

Mr. Peele has alleged no facts whatsoever that suggest the Union's conduct was arbitrary, discriminatory, or in bad faith, so he has failed to state a hybrid § 301 claim relating to his November 2021 discharge. *See, e.g., Smokowicz v. Graphic Packaging Int'l, Inc.*, No. 16-cv-5891, 2017 WL 748977, at *3 (E.D. Pa. Feb. 27, 2017) (dismissing plaintiff's § 301 claim for failing to state a claim where "Plaintiff's allegations do not show, by setting out facts that go beyond conclusory statements, that the Union's decision was arbitrary, discriminatory, or in bad faith"); *Swayne v. Mount Joy Wire Corp.*, No. 10-cv-3969, 2012 WL 1114379, at * 9 (E.D. Pa. Mar. 30, 2012) ("Plaintiff's allegations that the Union delayed filing his grievance and that the Union did not speak on his behalf at company meetings, without more, is not sufficient to meet the high threshold necessary to establish that his Union's conduct was 'arbitrary, discriminatory or in bad faith.'").

The Court will dismiss Mr. Peele's hybrid § 301 claims relating to the January 2021 discharge as untimely and his claims relating to the November 2021 discharge because Mr. Peele failed to allege facts demonstrating that the Union breached its duty of representation.[5]

---

[5] UPS argues that even if the Court were to find that Mr. Peele stated a claim that is not preempted, not time barred, and plausibly states a claim under § 301, the Court should defer the claims to the National

## CONCLUSION

For all of these reasons, the Court will grant UPS's motion to dismiss with prejudice. An appropriate order follows.

BY THE COURT:

*/s/ Gene E.K. Pratter*

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

Labor Relations Board (NLRB) under the doctrine established by the Supreme Court of the United States in *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 245 (1999). Because the Court will grant UPS's motion to dismiss on the grounds set forth above, it need not address UPS's argument regarding deferral to the NLRB.